Case 1:01-cv-00187   Document 1   Filed in TXSD on 11/09/2001   Page 1 of 52

COPY

B ≈ 01 - 187   1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS

_____ Division

SOUTHERN DISTRICT OF TEXAS
FILED

OCT 3 0 2001

CLERK, U.S. DISTRICT COURT

Deputy

### MOTION UNDER 28 U.S.C. SECTION 2255
### TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
### PERSON IN FEDERAL CUSTODY

**1   01CV00207C**

| | |
|---|---|
| UNITED STATES OF AMERICA | Preston Smith Unit |
| | PLACE OF CONFINEMENT |
| | 825605 |
| vs. | PRISONER ID NUMBER |
| Juan Eguia | 1: DDCR00169 - 001 |
| MOVANT (Full name of movant) | CRIMINAL CASE NUMBER |

(If movant has a sentence to be served in the **future** under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

═══════════════════════════════════════════════

## INSTRUCTIONS - READ CAREFULLY

1.   This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2.   Additional pages are not permitted except with respect to the **facts** which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.   Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.    If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.    Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgement.

6.    Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.    When the motion is fully completed, <u>the original and two copies</u> must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

<u>Abilene Division</u>
P.O. Box 1218
Abilene, TX 79604

<u>Amarillo Division</u>
205 E. 5th
Amarillo, TX 79101

<u>Dallas Division</u>
1100 Commerce, Rm 14A20
Dallas, TX 75242

<u>Fort Worth Division</u>
501 W. 10th Street
Fort Worth, TX 76102

<u>Lubbock Division</u>
1205 Texas Ave., #C209
Lubbock, TX 79401

<u>San Angelo Division</u>
33 East Twohig
San Angelo, TX 76903

<u>Wichita Falls Division</u>
P.O. Box 1234
Wichita Falls, TX 76307

8.    Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

- 2 -

CONTINUED ON NEXT PA.

## MOTION

1. Name and location of court which entered the judgment of conviction under attack:

   _Southern District of TX in Brownsville, TX_

2. Date of judgment of conviction: _____

3. Length of sentence: _____

4. Nature of offense involved (all counts):

   _18 U.S.C. §§ 922(g)(1), 924(c)(2)_

   _____

   _____

5. What was your plea? (Check one)

   ☐ Not Guilty    ☒ Guilty    ☐ Nolo contendere

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. Kind of trial: (Check one)    ☐ Jury    ☒ Judge Only

7. Did you testify at the trial?    ☐ Yes    ☒ No

8. Did you appeal from the judgment of conviction?    ☐ Yes    ☒ No

9. If you did appeal, answer the following:

   Name of Court: _____

   Result: _____

   Date of result: _____

- 3 -                         CONTINUED ON NEXT PAGE

10.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

☐ Yes        ☒ No

11.   If your answer to 10 was "Yes" give the following information:

Name of Court: _____

Nature of proceeding: _____

_____

Grounds raised: _____

_____

_____

Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes        ☒ No

Result: _____

Date of Result: _____

As to any *second* petition, application or motion, give the same information:

Name of Court: _____

Nature of proceeding: _____

_____

Grounds raised: _____

_____

_____

Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes        ☒ No

- 4 -                                CONTINUED ON NEXT PAGE

Result: _____

Date of Result: _____

As to any *third* petition, application or motion, give the same information:

Name of Court: _____

Nature of proceeding: _____

_____

Grounds raised: _____

_____

_____

Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes        ☒ No

Result: _____

Date of Result: _____

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion.

First petition, etc.          ☐ Yes          ☒ No

Second petition, etc.         ☐ Yes          ☒ No

Third petition, etc.          ☐ Yes          ☒ No

If you did **not** appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

(1) Did not understand Any possible Appeal (2) Did not have documentation of case until after the 30 day period of conviction leaving no other means only Available.

- 5 -        CONTINUED ON NEXT PAGE

12.    State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

**CAUTION**: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS</u>. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.



(a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b)    Conviction obtained by use of coerced confession.

(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e)    Conviction obtained by a violation of the privilege against self-incrimination.

(f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g)    Conviction obtained by a violation of the protection against double jeopardy.

(h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.

(i)    Denial of effective assistance of counsel.

(j)    Denial of right to appeal.

**CONTINUED ON NEXT PAGE**

A.     Ground One: Plea of guilty by indichment

involuntarily

Supporting FACTS (tell your story briefly without citing cases or law):

_see memorandum_

B.     Ground Two: Denial of effective counsel

Supporting FACTS (tell your story briefly without citing cases or law):

_see memorandum_

C.     Ground Three: _____

Supporting FACTS (tell your story briefly without citing cases or law):

- 7 -       CONTINUED ON NEXT PAGE

_____
_____

D.      Ground Four: _____
_____

Supporting FACTS (tell your story briefly without citing cases or law):

_____
_____
_____
_____
_____
_____

13.    If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

14.    Do you have any petition or appeal now pending in any court as to the judgment under attack?

☐ Yes      ☐ No

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a)    At preliminary hearing: _____

- 8 -          CONTINUED ON NEXT PAGE

(a)     If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

(b)     And give date and length of sentence to be served in the future:

_____

_____

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐ Yes          ☒ No

Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)


_____
Firm Name


_____
Address


_____
City, State & Zip Code


_____
Telephone (including area code)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____ (date).


_____
Signature of Movant

# IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

# FOR THE NORTHERN DISTRICT OF TEXAS

FILED

_____ Division

OCT 3 0 2001

CLERK, U.S. DISTRICT COURT

MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY

Deputy

**1 01CV00207C**

UNITED STATES OF AMERICA

Preston Smith Univ

PLACE OF CONFINEMENT

825605

vs.

PRISONER ID NUMBER

Juan Egvia

Y. 00CR00169 - 001

MOVANT (Full name of movant)

CRIMINAL CASE NUMBER

(If movant has a sentence to be served in the <u>future</u> under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

## INSTRUCTIONS - READ CAREFULLY

1.  This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2.  Additional pages are not permitted except with respect to the <u>facts</u> which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.  Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

_____

_____

D.    Ground Four: _____

_____

       Supporting FACTS (tell your story <u>briefly</u> without citing cases or law):

_____

_____

_____

_____

_____

_____

13.    If any of the grounds listed in 12A, B, C, and D were not previously presented, state <u>briefly</u> what grounds were not so presented, and give your reasons for not presenting them:

_____

_____

_____

_____

14.    Do you have any petition or appeal now pending in any court as to the judgment under attack?

    ☐ Yes    ☐ No

15.    Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)    At preliminary hearing: _____

_____

        CONTINUED ON NEXT PAGE

(b)  At arraignment and plea: *Reynaldo G. Garza III*
_1680 East. St. Charles Suite 110_
_Brownsville TX 78520_

(c)  At trial: _____

_____

(d)  At sentencing: *Reynaldo G. Garza III*

_____

(e)  On appeal: _____

_____

(f)  In any post-conviction proceeding: _____
*Pro-Se*

(g)  On appeal from any adverse ruling in a post-conviction proceeding:

*Pro-Se*

16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

☐ Yes      ☒ No

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

☐ Yes      ☒ No

- 9 -                                          CONTINUED ON NEXT PAGE

(a)     If so, give name and location of court which imposed sentence to be served in the future:

_____

_____

(b)     And give date and length of sentence to be served in the future:

_____

_____

(c)     Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

☐ Yes       ☒ No

Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

_____
Firm Name

_____
Address

_____
City, State & Zip Code

_____
Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on _____ (date).

_____
Signature of Movant

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF TEXAS

_____ Division

_____

**PLAINTIFF**

vs.

**DECLARATION IN SUPPORT
OF REQUEST TO PROCEED
*IN FORMA PAUPERIS***

_____

**DEFENDANT**

I, _____, declare, depose, and say that I am the plaintiff in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs or give security therefor, I state that because of my poverty, I am unable to pay the costs of said proceeding or to give security therefor, that I believe I am entitled to relief.

I further declare that the responses which I have made to questions and instructions below are true.

1.   Are you presently employed? Yes ☐        No ☐

   a. If you answered **YES**, state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   _____

   b. If you answered **NO**, state the date of last employment and the amount of the salary and wages per month which you received.

   _____ 1997   Auto Detail _____

   _____ $400 - $450   mthly _____

   _____

**CONTINUED ON NEXT PAGE**

2.  Have you received, within the past 12 months, any money from any of the following sources?

    a.  Business, profession or form of self-employment?    Yes ☐    No ☐
    b.  Rent payments, interest or dividends?    Yes ☐    No ☐
    c.  Pensions, annuities or life insurance payments?    Yes ☐    No ☐
    d.  Gifts or inheritances?    Yes ☐    No ☐
    e.  Any other sources?    Yes ☐    No ☐

If you answered **YES** to any of the questions above describe each source of money and state the amount received from each during the past 12 months.

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account, including any funds in prison accounts?

Yes ☑    No ☐

If you answered **YES**, state the total value of the items owned.

_____$50 $60_____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property, excluding ordinary household furnishings and clothing?

Yes ☐    No ☑

If you answered **YES**, describe the property and state its approximate value.

_____

_____

- 2 -          CONTINUED ON NEXT PAGE

5.  List the persons who are dependent upon you for support; state your relationship to those persons (father, mother, spouse, etc.); and indicate how much you contribute toward their support.

_____

_____

_____

**I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury. I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct (28 U.S.C. § 1746).**

Signed this ___/ /___ day of __Oct_____, 19 _2002__.

_Omar Eguia_____
Signature of Plaintiff

---

I hereby certify that the plaintiff herein has the sum of $ _____ on account to his/her credit at the _____ institution where he/she is confined.

I further certify that the plaintiff likewise has the following securities to his/her credit according to the records of said _____ institution:

_____

_____

_____
Authorized Officer of Institution

---

- 3 -

# ADDENDUM TO THE PRESENTENCE REPORT

## UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS
## UNITED STATES V. JUAN EGUIA, DOCKET NO. 1:00CR00169-001

The probation officer certifies that the Presentence Report (PSR), including any revisions thereof, has been disclosed or has been made available to the defendant, his attorney, and the counsel for the Government, and that the content of the Addendum fairly states any objections they have made.

## OBJECTIONS

### By the Government

On September 19, 2000, the probation office received written notification from the government that there are no objections to the presentence report.

### By the Defendant

As of October 11, 2000, the probation office has received no objections from the defendant or his attorney.

Respectfully submitted,                                   Approved for submittal,


JERRY D. DENZLINGER, Chief
United States Probation Officer


By: _____            _____
    Adrian R. Acuña                         Rey Buendia, Supervising
    U.S. Probation Officer                   U.S. Probation Officer

    ARA(nma)                                 Date: 10-17-00

16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

(Exhibit 3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | PRESENTENCE INVESTIGATION REPORT |
| | § | |
| JUAN EGUIA | § | Docket No. 1:00CR00169-001 |
| aka: Juan Hernandez Eguia | | |

---

**Prepared For:**   Honorable  Hilda G. Tagle
United States  District Judge

**Prepared By:**   Adrian R. Acuña
U.S. Probation Officer
Brownsville, Texas
(956) 548-2522

**Assistant U.S. Attorney**              **Defense Counsel**
Jose A. Esquivel, Jr.                   Reynaldo G. Garza, III
600 E. Harrison St., #201               680 East St. Charles, Suite 110
Brownsville, Texas 78520-7155           Brownsville, Texas 78520
(956) 548-2554                          (956) 574-9502

**Sentence Date:**   November 9, 2000

**Offense:**   Count 1:   Convicted felon in possession of a firearm, in violation of 18
U.S.C. §§ 922(g)(1) and 924(a)(2).  Ten (10) years imprisonment,
and/or a $250,000.00 fine, a three (3) year term of supervised
release, and a $100.00 special assessment.

**Release Status:**   In custody without bond since date of arrest on June 6, 2000,
(approximately 157 days in Federal custody).

**Detainers:**   None

**Codefendants:**   None

**Related Cases:**   None

**Date Report Prepared:**   08/31/00      **Date Report Revised:**

## Identifying Data:

| | |
|---|---|
| **Date of Birth:** | 05/21/69 |
| **Age:** | 31 |
| **Race:** | White/Hispanic |
| **Sex:** | Male |
| | |
| **SSN:** | 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 and 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 |
| **FBI No:** | 164 212 MA3 |
| **USM No:** | 94108-079 |
| **State ID No:** | 03886906 |
| **TDCJ No:** | 00825605 |
| | |
| **U.S. INS No.** | None |
| | |
| **Education:** | 11th Grade |
| **Dependents:** | 5 |
| **Citizenship:** | U.S. |
| | |
| **Legal Address:** | 275 Morningside #24 |
| | Brownsville, Texas |
| | 78521 |
| | |
| **Aliases:** | Juan Hernandez Eguia |
| | Juan Hernandez |
| | "Bear" |

## PART A.  THE OFFENSE

### Charges and Convictions

1.  On April 25, 2000 a Federal Grand Jury in Brownsville, Texas returned a single-count indictment against Juan Eguia (aka: Juan Hernandez Eguia) which charges him with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

2.  On August 3, 2000, Juan Eguia appeared before Unite States District Judge Hilda G. Tagle and entered a plea of guilty to the single-count indictment.  The Court was informed of a written plea agreement in which the government recommends the defendant receive full credit for acceptance of responsibility and a sentence at the low end of the applicable sentencing guideline range.  After accepting the defendant's plea of guilty, the Court ordered the preparation of a pre-sentence investigation report and set sentencing for November 9, 2000 at 9:00 a.m.



### The Offense Conduct

3.  The following information was obtained from the government's case materials, the prosecution report and the offense report submitted by Agent Dennis E. Price with the Federal Bureau of Alcohol Tobacco and Firearms (ATF).  Additional information was obtained through interviews with the defendant and his family.

4.  On November 10, 1999, the Brownsville, Texas Police Department was dispatched to the 3200 block of 26th Street.  Upon arrival, an officer observed the defendant asleep in the driver's seat of a vehicle parked in the middle of an intersection.  The officer was able to awaken the defendant and subsequently place him under arrest for public intoxication.  Upon assisting the defendant out of the vehicle the officer discovered a loaded F.B. Radom, Model 35, 9mm, semi-automatic pistol in the front seat of the vehicle.

5.  The Brownsville Police Department discovered the defendant had previously been convicted of a felony, thus the case was referred to the ATF for investigation.  On January 10, 2000, Agent Price confirmed Mr. Eguia was convicted for burglary of a habitation on September 30, 1997 in Case No. 97-CR-766-B, in the 138th District Court of Cameron County.  On September 19, 1997 he was sentenced to ten (10) years imprisonment, suspended for eight (8) years probation.  On April 13, 1998, his probation was revoked and he was sentenced to serve four (4) years in state custody.

Victim Impact

6.    There are no identifiable victims as a result of this offense.

Adjustment for Obstruction of Justice

7.    The probation officer has no information to suggest the defendant impeded or obstructed justice.

Adjustment for Acceptance of Responsibility

8.    During the interview with the U. S. Probation Officer on August 9, 2000, Mr. Eguia accepted responsibility for his criminal conduct in the instant offense.  Although he denied ownership, he admitted the firearm was in his vehicle and thus it was in his possession. He stated he had been on a three (3) day alcohol binge with his friends when he passed out while waiting at a stop light.  He awoke to find his friends were gone and he was being arrested for public intoxication.

Offense Level Computations

9.    The 1998 edition of the Guidelines Manual has been used in this case.

Count 1 - Convicted felon in possession of a firearm

10.   **Base Offense Level:** The guideline for violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) is found in U.S.S.G. § 2K2.1(a)(2) and calls for a base offense level of twenty-four (24).                                                                            24

11.   **Specific Offense Characteristic:** None                                          0

12.   **Victim-Related Adjustments:** None                                            0

13.   **Adjustments for Role in the Offense:** None                                  0

14.   **Adjustment for Obstruction of Justice:** None                              0

15.   **Adjusted Offense Level (Subtotal):**                                          24

4

16. **Adjustment for Acceptance of Responsibility:** The defendant clearly demonstrated responsibility for being a convicted felon in possession of a firearm. Furthermore, he timely notified authorities of his intention to enter a plea of guilty. Pursuant to U.S.S.G. § 3E1.1(a) and (b), the offense is reduced by three (3) levels.

-3

17. **Total Offense Level:**          <u>21</u>

18. **Chapter Four Enhancements:** None

19. **Total Offense Level:**          <u>21</u>

## PART B. DEFENDANT'S CRIMINAL HISTORY

<u>Juvenile Adjudications</u>

20. None.

<u>Adult Criminal Convictions</u>

| | Date of <u>Arrest</u> | <u>Conviction/Court</u> | Date Sentence <u>Imposed/Disposition</u> | <u>Guideline</u> | <u>Pnt</u> |
|---|---|---|---|---|---|
| 21. | 04/29/87 (Age 17) | Driving While Intoxicated, Cameron County Court at Law No. 2, Brownsville, Texas, Case No.87-CCR-2534-B | 08/25/87: P/G - 30 days in jail, suspended for 6 months probation  02/24/88: Probation expired | 4A1.2(e)(3) | 0 |

The defendant waived attorney representation. Details of the offense were requested but have been destroyed due to the age of the offense.

| | | | | |
|---|---|---|---|---|
| 22. | 06/01/87 (Age 18) | Aerosol Paint or Glue Inhalation, Cameron County Court at Law No. 1, Brownsville, Texas, Case No.87-CCR-3167-A | 06/05/87: P/G - 30 days jail, suspended for 6 months probation<br><br>12/04/87: Probation expired | 4A1.2(e)(3) | 0 |

The defendant waived counsel. According to the offense reports, a Brownsville Police officer observed a vehicle driving erratically southbound on Paredes Line Road. The officer performed a traffic stop and identified Mr. Eguia as a passenger in the vehicle. The officer detected a strong odor of spray paint about the defendant's person. Mr. Eguia was arrested at the scene without incident.

| | | | | |
|---|---|---|---|---|
| 23. | 09/22/94 (Age 25) | Theft by Possession, Cameron County Court at Law No. 2, Brownsville, Texas, Case No. 94-CCR-0007098-B | 02/08/95: P/G - 6 months jail, suspended for 6 months probation<br><br>08/07/95: Probation expired | 4A1.1(c) | 1 |

The defendant waived attorney representation. On September 22, 1994, the Brownsville Police Department was summoned to 2915 Lima Street in response to the theft of a dog. After searching the area, a police officer encountered the defendant in possession of the stolen dog. The victim was able to identify the canine and the defendant.

| | | | | |
|---|---|---|---|---|
| 24. | 08/22/96 (Age 27) | Evading Arrest, Cameron County Court at Law No. 2, Brownsville, Texas, Case No. 96CCR-6644-B | 03/14/97: P/G - 6 months jail, suspended for 6 months probation<br><br>09/13/97: Probation expired | 4A1.1(c) | 1 |

The defendant was represented by Attorney Lilia Gonzalez. Details of the offense were requested but are not available.

| 25. | 06/11/97<br>(Age 28) | Burglary of a Habitation, 138th District Court of Cameron County, Brownsville, Texas, Case No. 97-CR-766-B | 09/19/97: 10 years imprisonment, suspended for 8 years probation<br><br>04/13/98: Probation revoked, sentenced to 4 years state custody<br><br>03/15/99: Parole granted<br><br>11/25/01: Parole terminates | 4A1.1(a) | 3 |

The defendant was represented by Attorney John Blaylock. On June 6, 1997, the defendant and several accomplices forcibly entered two (2) homes. They stole small items such as television sets and video cassette recorders. The stolen merchandise was sold and used to buy drugs and alcohol. On June 11, 1997, the defendant was arrested for this offense after submitting a written confession.

State Parole Officer Petra Cabriales indicates Mr. Eguia chose to exercise his right to a parole revocation hearing. The case has been referred to the Texas Board of Pardons and Paroles for final action which will take place after sentencing in the instant offense.

| 26. | 08/10/97<br>(Age 28) | Driving While Intoxicated, Cameron County Court at Law No. 1, Brownsville, Texas, Case No.98-CCR-2931-A | 06/24/99: P/G - 6 months jail, suspended for 9 months probation<br><br>03/23/00: Probation expired | 4A1.1(c) | 1 |

The defendant was represented by Attorney Carlos Cisneros. Details for this offense were requested but are not available.

| 27. | 02/11/00 (Age 30) | Burglary of a Building, 107th District Court of Cameron County, Brownsville, Texas, Case No. 00-CR-246-A | 04/24/00: P/G - 2 years imprisonment in a State Jail Facility | 4A1.1(a) | 3 |

The defendant was represented by Attorney Reynaldo Garza, III. On February 10, 2000, Ricardo Campos Hernandez was passing by in his vehicle when he was flagged down by Juan Eguia. The defendant asked Mr. Campos if he would take him to pick up a baby stroller from an unknown location. Their first stop was 3504 East 26th Street where an unknown subject placed two (2) Indian statues into the victims truck. Knowing something was wrong, the victim asked to take the defendant back to their original location. The defendant brandished a knife and told the victim to proceed as directed. The victim stated he was forced to drive to 3365 East 26th Street where the defendant exited the vehicle and stole a fishing pole from the front of the residence. The victim was then forced to drive to 434 Milpa Verde where the defendant exited the vehicle and stole a vacuum cleaner from the carport area of the residence. The victim was then forced to drive to 3334 Clavel Street where the stolen items were off-loaded by an unknown male.

The defendant was later arrested for burglary, aggravated assault and aggravated kidnapping. However, the aggravated assault and aggravated kidnaping were dismissed as the defendant plead guilty to burglary of a building.

| 28. | 02/16/00 (Age 30) | Theft, Cameron County Court at Law No. 2, Brownsville, Texas, Case No. 00-CCR-1520-B | 05/11/00: P/G - 6 months jail | 4A1.2(a)(2) | 0 |

The defendant was represented by Attorney T. Garza. This theft was part of the offense committed on February 11, 2000, case no. 00-CR-246-A. The Brownsville Police Department later identified the owner of the vacuum cleaner stolen from 134 Milpa Verde and the defendant was charged with theft by possession on February 16, 2000.

Criminal History Computation

29.   The criminal convictions above result in a subtotal criminal history score of nine (9).

30.   At the time the instant offense was committed, the defendant was on parole for the offense of burglary of a habitation, Case No. 97-CR-766-B. Pursuant to U.S.S.G. § 4A1.1(d), two (2) points are added.

31.   The instant offense was committed less than two (2) years following the defendant's release from custody on March 15, 1999 for the sentence of burglary of a habitation, Case No. 97-CR-766-B. Pursuant to U.S.S.G. § 4A1.1(e), one (1) point is added.

32.   The total of the criminal history points is twelve (12). According to the sentencing table at U.S.S.G. Chapter 5, Part A, twelve (12) criminal history points establish a criminal history category of V.

Other Criminal Conduct

33.   From 1994 to 1999, Mr. Eguia has been arrested eight (8) times for public intoxication. The Brownsville Municipal Court sentenced him to time served in each instance.

Pending Charges

34.   The Texas Board of Pardons and Paroles indicates the defendant is pending parole revocation proceedings for burglary of a habitation, Case No. 97-CR-766-B.

Other Arrests

35.   On December 29, 1988, the defendant was arrested by the Houston Police Department for public intoxication and possession of marihuana, Case No. 8846143. The case was dismissed on August 2, 1994 for unknown reasons.

36. On February 5, 1994, the Brownsville Police Department was dispatched to 2505 East 30th Street in reference to a domestic dispute. Upon arrival, the police officer observed the defendant standing on the front porch of the residence. The victim informed the officer that the defendant was attempting to force his way into her residence. Juan Eguia was arrested for criminal trespass, Case No. 94-CCR-1165-A. The victim refused to pursue charges and the case was dismissed on May 4, 1994.

37. On August 22, 1996, Maribel Andrade, the victim, observed the defendant break into her vehicle which was parked outside her home. Brownsville Police Officers located the defendant a short distance from the scene of the crime and attempted to interview him. The defendant fled from the officers and was apprehended after a short foot pursuit. Mr. Eguia was positively identified by the victim as the subject who burglarized her vehicle. The defendant was arrested for burglary of a vehicle, Case No. 96-CCR-6642-B. The case was dismissed on April 22, 1999 for unknown reasons.

38. On August 10, 1997, the defendant was arrested for driving while intoxicated, Case No. 97-CCR-6767-A. On May 18, 1998, the case was dismissed as the State's witness was not available to testify.

39. On September 19, 1999, Juan Eguia attempted to enter a residence located at 2365 Roosevelt in Brownsville. When the residents refused to let him in the house, a physical altercation ensued. The defendant brandished a weapon and fired two (2) rounds, one (1) in the air and one (1) into the door of the residence. Shrapnel from the bullet wounded one of the complainants. The residents managed to shut the door and Mr. Eguia proceeded to attempt to kick the door with his feet. When the Brownsville police arrived, they observed extensive damage to the door and the defendant was placed in custody. However, the officers were unable to locate the weapon and the complainants refused to cooperate. The defendant was arrested for criminal mischief, Case No. 99-CCR-5885-B and criminal trespass, Case No. 99-CCR-5888-B. On January 10, 2000 the case was dismissed due to conflicting witness statements.

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

40. Juan Eguia is a 31 year-old United States Citizen who was born on May 21, 1969 in Tampa, Florida. Mr. Eguia is the sixth of seven (7) children born to the marital union of Jose Eguia, deceased, and Santos Eguia, age 59. The defendant's father was murdered in 1971 for unknown reasons. The defendant stated he and his family moved to Brownsville,

Texas shortly after the death of his father.  Mrs. Eguia is no longer able to work due to illness.  Mr. Eguia identified his siblings as follows:

41.     Jose Eguia, Jr. is 38 years old and resides with his wife and children in Brownsville.  He is employed as a truck driver.

42.     Horacio Eguia is 36 years old.  He was serving a sentence in state custody for aggravated rape and was granted parole in 1995.  He is a fugitive from justice.

43.     Hector Eguia is 35 years old and is serving a sentence in state custody for burglary of a habitation.  When not incarcerated, he is employable as a mechanic.

44.     Ernesto Eguia is 34 years old and is serving a sentence in state custody for possession of drugs.  When not incarcerated, he is employable as a farm worker.

45.     Maria Ruiz is 32 years old and resides with her family in Brownsville.  She is employed as a nurse for a local physician.

46.     Guadalupe Hernandez is 24 years old and resides with her mother in Brownsville.  She is employed as a secretary for a local physician.

47.     Juan Eguia established a common-law relationship with Juanita Perez in 1991.  Mrs. Perez has two (2) children from previous marriages, Noel Perez, age 15 and Maria De Los Angeles Perez, age 14.  The defendant has fathered three (3) children with his current spouse: Santos Eguia, deceased, Marisol Eguia, age 6 and Juan Eguia, Jr., an infant.  Santos Eguia died at age 3 due to birth defects.  Marisol Eguia suffers from muscular dystrophy and receives $512.00 per month in social security benefits.  The defendant's spouse provides full time care for their children.

48.     The defendant's wife verified his family information.

Physical Condition

49.     Defendant Eguia is five feet seven inches tall and weighs approximately 185 pounds.  He has brown eyes and black hair.  In 1987 Mr. Eguia had a hernia operation and has a surgical scar on his lower abdomen.  In 1997 he had an operation on his left knee and has a surgical scar.  He bears the following tattoos: "Marisol" on left chest; "Eguia" across his

stomach; a skull in flames on right arm; "Santos" and "Janie" over roses on left arm; three (3) girls on left forearm and various unidentifiable tattoos on his back.

50.    Mr. Eguia complained of pain in his left knee as a result of the 1997 operation. He stated his condition has not been recently evaluated by a physician. Aside from his knee injury, the defendant is in good physical condition.

## Mental and Emotional Health

51.    The defendant reported no history of mental illness or emotional disability. This investigation has produced no evidence to suggest otherwise.

## Substance Abuse

52.    Mr. Eguia admitted he began using alcohol, marihuana, cocaine and inhalants at age 14. He stated his use of illicit drugs and alcohol impaired his judgment and is the reason for his extensive criminal history. He stated he has never attended any form of treatment for the abuse of drugs and feels he would benefit greatly if ordered to attend such therapy while incarcerated. He stated that on the night he committed the instant offense, he had taken two Rohypnol pills and had been under the influence of alcohol for at least three (3) days.

## Education and Vocational Skills

53.    The defendant completed the 11th grade at Porter High School in Brownsville, Texas. He failed to complete his education due to discipline problems and lack of interest on his part. However, Mr. Eguia attended high school equivalency classes while in state custody. He received his General Education Development (GED) in 1999.

54.    The defendant's spouse verified his education.

## Employment Record

55.    From March 1999 to the present, Mr. Eguia has been unable to obtain employment due to the pain in his left knee.

56.    Prior to sustaining his knee injury and when not incarcerated, the defendant was employed as a migrant farm worker, detailing automobiles and as a construction laborer. He was employed on a contract basis and received work through word-of-mouth. He earned approximately $400.00 per month while employed in this capacity.

Financial Condition: Ability to Pay

57.     In 1997, the defendant received a $20,000.00 settlement from the Cameron County, Texas Jail as a result of a knee injury he sustained while incarcerated. He stated he gave the money to his wife to help her care for the children while he was in custody. He stated his wife spent the entire sum in providing care for their children.

58.     Mr. Eguia has been unemployed and incarcerated since February 2000 on a separate charge. The defendant reports he has no assets or liabilities. However, his spouse is forced to provide basic family necessities as well as care for their disabled child.

## PART D.  SENTENCING OPTIONS

Custody

59.     **Statutory Provisions:** The maximum term of imprisonment is ten (10) years, pursuant to 18 U.S.C. § 922(g)(1) and 924(a)(2).

60.     **Guideline Provisions:** Based on a total offense level of twenty-one (21) and a criminal history category of V, the guideline range for imprisonment is seventy (70) to eighty-seven (87) months, and is found in Zone D of the Sentencing Table.  U.S.S.G. Chapter 5, Part A.

61.     If the applicable guideline range is in Zone D of the Sentencing Table, the minimum term shall be satisfied by a sentence of imprisonment, pursuant to U.S.S.G. § 5C1.1(f).

Impact of Plea Agreement

62.     The plea agreement has no impact on the sentencing guideline imprisonment range.

Supervised Release

63.     **Statutory Provisions:** If a term of imprisonment is imposed, the Court may impose a term of supervised release of not more than three (3) years, pursuant to 18 U.S.C. § 3583(b)(2).

64.     **Guideline Provisions:** The guideline range for a term of supervised release is at least two (2) years but not more than three (3) years, pursuant to U.S.S.G. § 5D1.2(a)(2). If a sentence of imprisonment of one (1) year or less is imposed, a term of supervised release is not required but is optional, pursuant to U.S.S.G. § 5D1.1(b). Supervised release is

13

required if the Court imposes a term of imprisonment of more than one (1) year, pursuant to U.S.S.G. § 5D1.1(a).

Probation

65. **Statutory Provisions:** The defendant is eligible for not less than one (1) or more than five (5) years probation by statute, pursuant to 18 U.S.C. § 3561(c)(1). Because the offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service, pursuant to 18 U.S.C. § 3563(a)(2).

66. **Guideline Provisions:** Because the applicable guideline range is in Zone D of the Sentencing Table, the defendant is not eligible for probation, pursuant to U.S.S.G. § 5B1.1, comment. (n.2), and U.S.S.G. § 5C1.1(f).

Fines

67. **Statutory Provisions:** The maximum fine is $250,000.00, pursuant to 18 U.S.C. § 3571. A special assessment of $100.00 is mandatory, pursuant to 18 U.S.C. § 3013.

68. Pursuant to 18 U.S.C. § 3612(f)(1), a defendant shall pay interest on any fine of more than $2,500.00, unless the fine is paid in full before the 25th day after the date of judgment. If the Court determines that the defendant does not have the ability to pay interest, 18 U.S.C. § 3612(f)(3) authorizes the Court to waive the required interest; limit the total interest payable to a specific dollar amount; or limit the length of the period during which interest accrues. If interest is not waived by the Court at the time of sentencing, the Attorney General may subsequently waive all or part of any interest that has accrued if, as determined by the Attorney General, reasonable efforts to collect the interest are not likely to be effective, pursuant to 18 U.S.C. § 3612(h).

69. **Guideline Provisions:** The fine range for the instant offense is from $7,500.00 to $75,000.00, pursuant to U.S.S.G. § 5E1.2(c)(3).

Restitution

70. **Statutory Provisions:** Restitution is not an issue in this case.

71. **Guideline Provisions:** Restitution is not an issue in this case.

## PART E.  FACTORS THAT MAY WARRANT DEPARTURE

72.     The probation officer has no information concerning the offense or the offender which would warrant a departure from the prescribed sentencing guidelines.

Respectfully submitted,                    Approved for submittal,

JERRY D. DENZLINGER, Chief
United States Probation Officer


By:     _____            _____
        Adrian R. Acuña                      Rey Buendia, Supervising
        U.S. Probation Officer               U. S. Probation Officer

        ARA (nma)                            Date:  9-12-00

15

IN THE UNITED STATES DISTRICT
COURT OF _Southern District_
IN THE _____ DISTRICT
OF TEXAS

PETITION FOR § 2255 MEMORANDUM

IN THE MATTER OF
JUAN EGUIA
TDCJ # 82-56-05
1313 County Rd 19
LA MESA TX 79331

(Pg 1)

# MEMORANDUM

<u>28 USC. 2255</u> Scope of Rules of said Petition

<u>Rule 1</u>: by a person in custody pursuant to a judgement of that court for a determination that the judgement was imposed in violation of the Constitution or laws of the U.S.

Person in custody pursuant to judgement of a State or Federal court and subject to future custody under a judgement of the district court for a determination that such future custody will be in violation of the U.S. Constitution or laws of the U.S.

(Advisory Committee Note 1976 Adoption) The 2255 it is not a determination of guilt or innocence of the charge upon which petitioner was Sentence.

<u>Rule 2</u>
If the person is presently in custody pursuant to the federal judgement in question, or if not presently in custody may be subject to such custody in the future pursuant to such judgement

...

the applicant for relief shall be in the form of a motion to vacate, set aside or correct sentence.

There is presently a split among courts as to whether a person currently in state custody may use § 2255 motion to obtain relief from a judgement from a Federal court under which he will be subjected to custody in the future. Desmond v. The U.S. Board of Pardons 397 F.2d. 386 (1st Cir 1968, 393 U.S. 919 (1968) Paalino v. U.S. 314 F.Supp. 875 (C.D. Cal 1970)

Further, in § 2255 as Rule 35 motions is that for the latter there is no requirement that the movant be" in custody." Heflin v. U.S. 358 U.S. 415, 418, 422 (1959), Duggins v. U.S. 240 F.2d. 479, 483, (6th Cir 1957)

Rule 2 furthermore states, the court in U.S. v. Malcolm 432 F.2d. 809, 814, 818 (2d Cir 19 allowed a prisoner to challenge the sentence under § 2255 without attacking the conviction. It held Rule 35 inapplic because the sentence was not illegal on its face, but the manner in which the sentence was imposed raised a question of the denial of Due Process in the sentencing itself which § 2255 cognizes.

(P35)

# ARGUMENT I

On Nov 10, 99, the Texas Police Department in Brownsville County were dispatched to the 3200 block of 26th Street.

Upon arrival, Officer observed the defendant asleep in the drivers seat of a vehicle parked in the middle of an intersection. The Officer was able to awaken the defendant and subsequently place him under arrest for public intoxication. Upon assisting the defendant out of the vehicle the Officer discovered a loaded FB Radom Model 35, 9mm semi-automatic pistol in the front seat of the vehicle. The Brownsville Police Department discovered the defendant had previously been convicted of a felony thus the case was referred to ATF for investigation.

On April 25, 2000, a Federal Grand Jury in Brownsville, TX returned a single-count indictment against Juan Equia which charges him with being a convicted felon in violation of 18 USC. §§ 922(g)(1) and 924(a)(2).

On Aug 3, 2000 Juan Equia appeared before U.S. District Judge Hilda G. Tagle

(Pg4)

And entered a plea of guilt and court ordered
that defendant receive low END of applicable
sentencing guidelines and preparations
of PSI and set sentencing for Mov.9, 2000
Defense Counsel enclosed would show defense
counsels obligations to the wording
Stated by him to his client, the petitioner.
Wording stating to petitioners family,
wife, parents making acceptance of guilt
more willingly. The counsels lack of
retrieval of the most important document
that could ensure proper sentencing,
and the PSI report.
As counsels first federal case, yet lacking
to discuss in detail said PSI, said
convictions or accused offenses.

Petitioner is therefor asking said court
to review said cause as in U.S. v. McCarthu
433 F. 2d 591, 592, (1st cir 1970). where said
court did allow a prisoners use of § 2255
to properly attack the sentence/
conviction which prisoner received
upon a plea of guilt.

As for Prosecutor enclose would show
again obligations of their specific role
and not trying to provide earlier
plea agreements to the ability to have

(pg5)

Petitioner withdraw acceptance ...
Petitioner having agreed with Prosecutor
with defense counsel of no more than 20 month
causing inducement) and letting proceeding
of conviction and sentencing proceed.
(Exhibit 3) on Part A The offense,
the charges and convictions,
States, the court was informed of a written
plea agreement in which the government
recommends the defendant receive full
credit for acceptance of responsibility
and a sentence at THE LOW END OF THE
APPLICABLE SENTENCING GUIDELINE RANGE.

yet Petitioner would be sentence as
conviction states of said offense to
78 months being in the mid. of
sentencing guideline
Pre-sentence reports - In order to better
Appreciate the direction the law is taking
in this area, it is helpful to recall the purpose
of the Pre-sentence report. Briefly stated,
the purpose of the report is to help the
judge impose the most appropriate
sentence by providing him with
information about the defendant's life
and characteristics and it customarily
or specially requested, the informed
(Page)

recommendation of the probation officer. The report helps implement the modern concept that rehabilitation is promoted by individualized sentences, because the stage of deciding guilt has passed, it has been held to be reasonable to allow the judge to exercise wide discretion as to the sources and types of information he will use to assist him in sentence selection, William v. New York 337 U.S. 241 (1949). Studies examining the actual utilization of these reports indicate some variation in percieved value and use, but in general show a high correlation between the report recommendations and the sentence passed. It should and should come as no surprise, therefore, that defense counsels feel that due process meaning fundamental fairness, requires their access to said report. As petitioner would show the dates of finalize PSI, date of delivery of PSI to defense counsel, to the sentencing date. Said petitioners criminal record, a pre-sentence report is not considered to be manifestly unjust because it contains a history of the defendants prior

(Pg7)

arrests, William v. New York Supra. Information relating to prior criminal activity is likely to be considered critical and therefore subject to mandatory disclosure. So shouldn't said arrests, shouldn't all prior criminal misconduct be correctly documented. An officer should exercise care avoid miss justice / or possibly criminal, when liability of a tort and to prevent damage to the interests of justice he/ she is shown to advance. Officers should know that intentionally including inaccurate information in a report with knowledge of its falsity could make them liable to the defendant. Additionally, negligence charges have by past instances been brought up for professional mis-car in preparation of PSI report.

Exhibit PSI shows arrest(s) DWI, that are not petitioners criminal factual history and actually can taint judges decision to a harsher sentence.

It has long been the rule that a sentence cannot be based on false information, Townsend v. Burke 334 U.S. 736 (1948).

(P98)

When a defendant is sentenced on the basis of a report that is materially false or unreliable that persons right to due process is violated.
U.S. v. Lasky 592 F.2d. 560 (9th Cir 1979)
Moore v. U.S. 571 F.2d. 179 (3rd Cir 1978)

The remedy usually invoked in such cases is the vacation of the sentences imposed and remand for resentencing (as petitioner in said cause is asking such courts).

Even defense attorney could of attends upon request said interview, law states that defendant counsel is entitled to notice and reasonable opportunity to attend PSI interview.
Fed. R. Crim. P. 32(b)(2)
U.S. v. Benlian 63 F.3d. 824, 827 (9th Cir 1995)

(Pqq)

# ISSUES AND ARGUMENTS

## Violation of Due Process of 14th And 6th AMENDMENTS

**Number 1** - Guilty plea- prosecutors must comply with equal protections requirements when conducting plea bargaining. Rule 11(e) of the Federal Rules of Criminal Procedure governs the conduct of the government and the defendant during plea negotiations. Rule 11(e)(1) authorizes plea agreement when a defendant pleads guilty to the charge or to a lesser or related offense. Fed. R. Crim. P. 11(e)(1). In such an agreement, the prosecutor may move for dismissal of other charges, or make a non-binding sentencing recommendation to the court. Petitioner understands that In plea agreements in federal prosecution bind the U.S. Attorneys office in the district in which the plea is entitled and entered. US. v Russo 801 F.2d. 624, 626 (2nd Cir 1986).

A plea agreement is governed by the law of contracts, US. v. Clark 55 F.3d. 9, 12, (1st Cir 1995), As the prosecutor in said cause granted of 16-20 upon the contract. Yet failed to perform such sentence.

(10)

Prosecutor - courts recognize a prosecutor broad discretion and authority to decide whether to investigate, grant immunity and / or permit a plea bargain and to determine whether to bring charges.

There are limits yet to prosecutors discretion, and the judiciary has a responsibility to protect all individuals from prosecutional conduct that violates constitutional rights.

Where Prosecutor gave an agreement with defense counsels agreement, petition signed said agreement in part inducing.

A defendant who alleges that the government breached a plea agreement is entitled to an evidentiary hearing, or at the courts discretion, discovery, or expansion of the record.
Blacklodge v. Allison 431 US 63, 75, 76, 80, 8? (1977), US. v. Watson 988 F.2d. 544, 551, 552 (5th Cir 1993).

If the defendant demonstrates that a contract was in fact made (Exhibit 3) and this sentence does not reflect the sentence prosecutor stated upon said

(Pg 11)

contract. Is petitioner entitled to be resentenced, was petitioner induced when acceptance of guilt was stated the amount of 16-20 months as first plea agreement motions show such range yet court, the prosecutor and defense counsel would proceed instead of asking petitioner if he desired to withdraw plea.

What are said consequences of a plea. A defendant may enter a plea of guilt Fed. R. Crim. P. 11(a).

By pleading guilty the defendant admits all of the elements of the charged crime. Because a defendant waives many constitutional rights by pleading guilty the plea then must be entered knowingly and voluntarily.

Boykin v. Alabama 395 U.S. 238, 243, 244 (19__)
McCarthy 394 U.S. at 467,

and with induce (-ment) by both counsels not fully understanding the errors on PSI report, leads to questions of knowingly or voluntarily.

Involuntary acceptance of plea- the basic mandate of the Constitution of the U.S. as interpreted by the Supreme Court of the U.S.,

(Pg 12)

is that a trial court must determine that a plea of guilt is knowingly, intentionally, voluntary and willingly entered.

Within, Boykin v. Alabama 395 US 238, 89 S.CT. 1709, 23 L.Ed. 2d. 279 (1969), Brady vs. US. 397 US 742, 90 S.CT. 1463, 25 L.Ed.2d. 747 (1970), The Supreme Court set forth the standard used to determine if a guilty plea was voluntary and knowingly made, should follow the standard as to the voluntaries of plea must be essentially that defined by Judge Tuttle of the Court of Appeals for the Fifth Cir. A plea of guilt entered by one fully aware of the direct consequences, including the actual value of any commitments made by him and by the court must stand unless induced by threats, or promises to discontinue improper harassment) or MISREPRESENTATION.

Such voluntaries is the consideration of the entire record, questions, answers, obligations by both the prosecutor to defense counsel should be noted for further review was noted with respects to Boykin v. Alabama Suprem

(Pg 13)

Note the entire record from the offerings
of 1st plea agreement to the courts
wording promising the lower end of
sentencing guidelines.

Note the defense counsel lack to question
about PSI, lack of reviewal or discussion
with this client... yet promised if
plead guilty would receive 16-20 months

Issue number 1

Ineffective Counsel- Justice O'Connors Opinion
for the Supreme Court within Strickland v.
Washington 1466 U.S. 668, 104 S.Ct. 2052,
80 L.Ed. 2d. 674 (1984), notes that the
Constitution imposes only a single
basic test based on counsels representation
fell below an objective standard of
reasonableness and more specific
guidelines are not appropriate.

Justice O'Connor has acknowledged
that competent representation, entitles
certain basic duties, counsel has
an obligation to bring to bear such
skills and acknowledgement of all
defenses. In evaluation an attorney
performance, Justice O'Connor concluded,
(Pg.14)

the best approach was to keep in mind
the 6th Amendment standard. Whether
in light of all the circumstances, the Ident-
ified acts or omissions of counsel were
outside the range of professionally
competent counsels assistance.

In making that determination, the
court should keep in mind the counsels
function, the standard that requires
no special amplification in order to define
counsels duty to INVESTIGATE.

It is sufficient to say that counsel
has a duty to make reasonable
investigations to make or give legal
decision that could show the particular
investigation unnecessarily (like instant case)

The reasonableness of counsels
actions may be determined or substantially
influenced by the defendants own
Statements, as counsels actions are
usually based, quiet properly on
information supplied by the client
(County jail records could state the time
counsel granted said petitioner.)

On sentencing date counsel was
question by convicting judge of amp
time was given to review to discuss
(Pg 15)

PSI yet it investigated the criminal background of client would of viewed errors. It would of discuss with client would of viewed that matters, issues needed to be resolved before sentencing yet would state no objections to PSI and could proceed to sentencing.

(Exhibit 2)

States on addendum to the PSI, Under objections by the defendant. Stated none as of Oct 11, 2000. Yet PSI Record was ready since 9-12-00 and yet attorney failed to discover said errors.

The standard for constitutionally effective assistance of counsel is not error less counsel, and not counsels judgement unaffected by hindsight but counsel reasonably likely to render and rendering reasonably effective counsel.

Herring v. Estelle 491 F.2d. 125, 127 (1974) the methodology an inquiry into the standard involves an inquiry into the actual performance of counsel conduction the defense and a determination of whether reasonably effective assistance was rendered based on the totality of the

(Page)

circumstances in the entire record.
Washington v. Estelle 648 F.2d 276,279 (1981)
such was retained/or appointed. But
cases have recognized that whether
counsel has rendered reasonably
effective assistance cannot be determined
solely by reference to his performance at
trial.

Informed evaluation of potential defenses
to criminal charges and meaningful
discussion with ones client of the realities
of his case, are cornerstones of
effective assistance of counsel.
Gaines vs. Hopper 575 F.2d 1147, 1149,-50 (1978)
affirming grant of habeas relief on grounds
that attorney's failure to conduct adequate
investigation (criminal history, due Process)
including failure to interview known
witnesses, depriving defendant of viable
defense that he might otherwise
have asserted. (to the right of arrest).

Since investigation and preparation
are the keys to effective representation
counsel has a duty to make independent
examination of the circumstances, pleadings
and law involved. Rummel vs. Estelle 590 F.2d
103, 104 (1979).
(Pg 17)

Number 3    Ineffective Counsel

Presentence Investigation Report - Prior to imposition of a sentence the court's probation officer must conduct an investigation of the defendant and report to the court pursuant to Rule 32(b) of the Federal Rules of Criminal Procedure. US v. Helwsky, 941 F.2d 71, 98 (2nd Cir 1991) cert. denied, 502 US 1091 (1992).

The presentence investigation report (PSI) plays a critical role in the judge's determination of the applicable guidelines range and in the imposition of an appropriate sentence. US. v. Garafano 36 F.3d. 133, 135 (1st Cir 1994). Among issues contained in PSI criminal record which grants sentencing to certain categorizations, lengths and ranges. Fed. R. Crim. P. 32(b)(4)

Upon said report when completed the court must disclose the PSI to the defendant, the defendant's counsel and the attorney for the government at least thirty five days before the sentencing hearing unless the defendant waives this minimum period. Fed. R. Crim. P. 32(b)(6)(A), 18 USC. §3552, yet their is no signature of waive imposed after the introduction of the additional PSI report.

(Pg 18)

Before imposing Sentencing the court must give the defendant and defense counsel an opportunity to comment on PSI.

Fed. R. Crim. P. 32(b)(6)(B).

The 1994 amendments to Rule 32 establish strict timetables for stating and resolving alleged factual inaccuracies in PSI, yet counsel for the defense is under obligation to attack, address such inaccuracies and modify PSI.

If the defendant alleges that the PSI contains factual inaccuracies.

US. v. Wilfred Am. Edu. Corp. 953 F. 2d. 717, 724 (8 Cir 92), the court may within its discretion hold an evidentiary hearing allowing the defendant to est., introduce testimony and other evidence relating to the alleged factual inaccuracy.

Fed. R. Crim. P. 32 (c)(1),

even though to simply correct some inaccuracies yet said conviction court did not desire such hearing.

Ground A    Plea involuntarily

Petitioner wishes to state that before imposing sentence the court must determine that the defendant and counsel had

(Pg 19)

can opportunity to read and discuss the PSI
or a summary of the report.
Fed. R. Crim. P. 32 (C)(3)(A)
U.S. v. Miller 849 F.2d. 896, 898 (4th Cir. 1988).

In the above said cause petitioner
requests review in this case... in
U.S. vs. Miller case was remanded for
resentencing when District court did
not expressly inquire whether defendant
and counsel read and discussed the PSI
and no evidence supported inference that
report was read.
U.S.v.Lowe 743 F.2d. 1169, 1173-74 (7 Cir 1984),
US vs. Perry 80 F.3d. 1384, 1387-88 (9th Cir. 1996),
US vs. Cruz 981 F.2d. 613, 619-20 (1st Cir. 1992).


Conclusion / Prayer


Petitioner prays that said court would
grant re-sentence. due to the violations of
due process / and go with accordance of
Exhibit 3 with the low end of sentencing
guideline range.
                    Respectfully,

                    _____

( R.220)