United States District Court
Southern District of Texas
ENTERED

JUN 0 6 2002

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN HERNANDEZ EGUIA, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-01-187 |
| | § | CRIMINAL NO. B-00-169 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Juan Hernandez Eguia has filed a timely 28 U.S.C. § 2255 Application to Vacate, Set Aside, or Correct Sentence. For the reasons set out below, Petitioner's 28 U.S.C. § 2255 Application should be DENIED.

### BACKGROUND

On April 25, 2000, Petitioner was charged by indictment in the Southern District of Texas, Brownsville Division, with possession of a firearm by a convicted felon, in violation of Title 18 U.S.C. §§ 1922(g)(1) and 924(a)(2). Petitioner pleaded guilty to the indictment on August 3, 2000, pursuant to a plea agreement with the government. The plea agreement called for the government to recommend Eguia receive "full credit for acceptance of responsibility" and a "sentence at the low end of the applicable Sentencing Guideline level range."

The probation department scored the instant offense at base offense level twenty-four (24), and recommended that he receive a three-level downward adjustment for timely acceptance of responsibility under U.S.S.G. § 3E1.1(a, b) for a total offense level score of twenty-one (21). His criminal history placed him in Criminal History Category V. Petitioner did not object to the

Pre-Sentencing Report (PSR). On November 13, 2000, the District Court adopted the PSR as written and sentenced Petitioner to seventy-eight (78) months incarceration followed by a three-year period of supervised release. The district court also ordered Petitioner to pay $100 in mandatory costs. Petitioner did not directly appeal his conviction or sentence. On November 9, 2000, Petitioner filed this timely 28 U.S.C. § 2255 Application.

## ALLEGATION

Petitioner alleges that his constitutional rights were violated due to ineffective assistance of counsel and a due process violation. He alleges that his trial counsel was ineffective in the following ways: 1.) for failing to visit Eguia in jail; 2.) for failing to discuss and investigate the findings of prior convictions set out in the PSR; 3.) for not objecting to incorrect findings within the PSR relating to Eguia's prior convictions; and 4.) for failing to enforce the plea agreement, which called for a maximum sentence of twenty (20) months incarceration upon the district court sentencing. In addition, Eguia alleges that the court's failure to go along with the plea agreement resulted in Eguia's plea being involuntary and a violation of due process.

## ANALYSIS

### A. Ineffective Assistance of Counsel Claim

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in the case of *Strickland v. Washington*:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made

2

errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[1]

In order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[2] In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance.[3] The courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight.[4] It

---

[1] Strickland v. Washington, 466 U.S. 668, 687 (1984).

[2] See Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Darden v. Wainwright, 477 U.S. 168, 184 (1986); Strickland v. Washington, 466 U.S. at 687-88; Lackey v. Johnson, 116 F.3d 149, 152 (5th Cir. 1997); Andrews v. Collins, 21 F.3d 612, 621 (5th Cir. 1994), cert. denied, 513 U.S. 1114 (1995); Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992), cert. denied, 507 U.S. 1056 (1993); and Black v. Collins, 962 F.2d 394, 401 (5th Cir. 1992), cert. denied, 504 U.S. 992 (1992).

[3] See Strickland v. Washington, 466 U.S. at 687-91; Jones v. Cain, 227 F.3d 228, 231 (5th Cir. 2000) (holding that trial counsel's decision not to put defendant on the stand in light of defendant's prior criminal record is a judgment call which seldom, if ever, will support a claim of ineffective assistance); Green v. Johnson, 160 F.3d 1029, 1035 n.1 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997), cert. denied, 523 U.S. 1099 (1998); Belyeu v. Scott, 67 F.3d 535, 538 (5th Cir. 1995), cert. denied, 517 U.S. 1144 (1996); Duff-Smith v. Collins, 973 F.2d at 1182. A federal habeas petitioner must carry the burden of demonstrating both counsel's deficient performance and resultant prejudice. See Burnett v. Collins, 982 F.2d 922, 928 (5th Cir. 1993); Martin v. Maggio, 711 F.2d 1273, 1279 (5th Cir. 1983), cert. denied, 469 U.S. 1028 (1984).

[4] See Lockhart v. Fretwell, 506 U.S. 364, 372 (1993); Burger v. Kemp, 483 U.S. 776, 789 (1987); Strickland v. Washington, 466 U.S. at 689; United Stats v. Drones, 218 F.3d 496, 500-03 (5th Cir. 2000); Carter v. Johnson, 131 F.3d at 463; Williams v. Cain, 125 F.3d 269, 276 (5th Cir. 1997), cert. denied, 525 U.S. 859 (1998); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997); United States v. Gaudet, 81 F.3d 585, 592 (5th Cir. 1996); and Belyeu v. Scott, 67 F.3d at 538. The deficiency prong of *Strickland* is judged by counsel's conduct under the law existing at the time of the conduct, see Westley v. Johnson, 83 F.3d 714, 723 (5th Cir. 1996), cert. denied, 519 U.S. 1094 (1997), and in view of the facts and resources available at the time of trial. See Williams v. Cain, 125 F.3d at 276, citing Motley v. Collins, 18 F.3d 1223, 1226 (5th

is strongly presumed that counsel has rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.[5] An attorney's strategic choices, usually based on information supplied by the defendant and from a thorough investigation of relevant facts and law are virtually unchallengeable.[6] Counsel is required neither to advance every non-frivolous argument nor to investigate every conceivable matter inquiry into which could be classified as non-frivolous.[7] A criminal defense counsel is not required to exercise

---

Cir. 1994), *cert. denied*, 513 U.S. 960 (1994).

[5] See Strickland v. Washington, 466 U.S. at 690; and Duff-Smith v. Collins, 973 F.2d at 1182.

[6] See Jones v. Jones, 163 F.3d 285, 300 (5th Cir. 1998), cert. denied, 528 U.S. 895 (1999); Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997), cert. denied, 522 U.S. 944 (1997); Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997) (stating that "a conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness"); Boyle v. Johnson, 93 F.3d 180, 187-88 (5th Cir. 1996), cert. denied, 519 U.S. 1120 (1997) (holding that an attorney's decision not to pursue a mental health defense or to present mitigating evidence concerning the defendant's possible mental illness was reasonable where counsel was concerned that such testimony would not be viewed as mitigating by the jury and that the prosecution might respond to such testimony by putting on its own psychiatric testimony regarding the defendant's violent tendencies); West v. Johnson, 92 F.3d 1385, 1406-09 (5th Cir. 1996), cert. denied, 520 U.S. 1242 (1997) (ruling that a trial counsel's failure to conduct further investigation into the defendant's head injury and psychological problems was reasonable where interviews with the defendant and the defendant's family failed to produce any helpful information); Bryant v. Scott, 28 F.3d 1411, 1435 (5th Cir. 1994), citing Strickland v. Washington, 466 U.S. at 691; and Andrews v. Collins, 21 F.3d at 623 (deciding that counsel acted reasonably in failing to further pursue the defendant's mental capacity or background where counsel had no reason to believe that further investigation would be useful).

[7] See Neal v. Cain, 141 F.3d 207, 214-15 (5th Cir. 1998) (holding that petitioner's complaints regarding counsel's failure to raise specific defenses did not satisfy prejudice prong of *Strickland* where proposed defenses were without merit); Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (ruling that "counsel cannot be deficient for failing to press a frivolous point"); United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) (opining that "counsel is not required by the Sixth Amendment to file meritless motions"); Smith v. Collins, 977 F.2d 951, 960 (5th Cir. 1992), cert. denied, 510 U.S. 829 (1993) (revealing that "the defense of a criminal case is not an undertaking in which everything not prohibited is required; nor does it contemplate the employment of wholly unlimited time and resources"); Koch v. Puckett, 907 F.2d 524, 527 (5th Cir. 1990) (stating that "counsel is not required to make futile motions or objections"); Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985) (holding that defense counsel is not required to investigate everyone whose name is mentioned by the defendant).

clairvoyance during the course of a criminal trial.[8] Likewise, the Sixth Amendment does not require that counsel do what is impossible or unethical; if there is no bona fide defense to the charge, counsel is not required to create one.[9]

The proper standard for evaluating counsel's performance under the Sixth Amendment is "reasonably effective assistance."[10] "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."[11] "Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."[12] In order to establish that he has sustained prejudice, the convicted defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."[13] The prejudice prong of *Strickland* focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally

---

[8] See Sharp v. Johnson, 107 F.3d 282, 290 n.28 (5th Cir. 1997), citing Garland v. Maggio, 717 F.2d 199, 207 (5th Cir. 1983) (holding that clairvoyance is not a required attribute of effective representation). See also Lackey v. Johnson, 116 F.3d at 152 (ruling that trial counsel was not ineffective for failing to discover evidence about which the defendant knew but withheld from his counsel).

[9] See United States v. Cronic, 466 U.S. 648, 656 n.19 (1984); Jones v. Jones, 163 F.3d at 303.

[10] Strickland v. Washington, 466 U.S. at 687; Bullock v. Whitley, 53 F.3d 697, 700 (5th Cir. 1995).

[11] Strickland v. Washington, 466 U.S. at 691, 104 S.Ct. at 2067.

[12] Id.

[13] See Williams v. Taylor, 529 U.S. at 391; Strickland v. Washington, 466 U.S. at 694.

5

unfair; unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.[14]

In this case, Petitioner claims that his counsel was ineffective because the attorney failed to investigate and discover that Eguia's prior convictions were incorrectly reported. However, Eguia does not allege which of his prior convictions are incorrect or how they are incorrect. At sentencing, Petitioner's attorney advised the district court that counsel and Petitioner reviewed the PSR together and there were no objections. Petitioner also alleges that his attorney failed to enforce the plea agreement. Eguia's plea agreement clearly notes that it is not binding upon the court pursuant to Rule 11(e)(1)(B) of the Federal Rules of Criminal Procedure. None of these reasons even come close to triggering ineffective assistance of counsel under the *Strickland* line of cases, and this petition should be treated as frivolous. Therefore, this case should be dismissed summarily in accordance with Rule 4(b) of the Rules Governing § 2255 Proceedings.

### B. Involuntary Plea Claim

"A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently."[15] A plea of guilty is not voluntary if it is induced by threats, misrepresentation, unfulfilled promises, or promises of an improper nature.[16] A plea is not knowing unless, among other things, the defendant understands "what the maximum possible penalty is, including any potential fine and the effect of any special parole or supervised release term."[17] To be knowing

---

[14] See Williams v. Taylor, 529 U.S. at 393 n.17; Strickland v. Washington, 466 U.S. at 692.

[15] Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000), cert. denied, 532 U.S. 1027 (2001).

[16] Wright, Charles Alan, Federal Practice and Procedure, § 172, 142-44 (3d ed. 1999).

[17] Id. at § 173, 171-73.

and intelligent, the defendant must have "a full understanding of what the plea connotes and of its consequence."[18] The defendant need only understand the direct consequences of the plea.[19]

In this case, Petitioner alleges that the court failed to go along with the plea agreement, and as a result, his plea was involuntary and a violation of due process. The Due Process Clause requires a guilty plea to be entered into knowingly, voluntarily, and intelligently.[20] Petitioner confirmed under oath that he understood the written plea agreement represented the totality of his agreement and was not binding upon the court. The district court explained the PSR procedure, and that his Sentencing Guideline score would be determined at a later date. The district court found that Eguia fully understood the charges against him, the consequences of his plea, and that his plea was made freely and voluntarily. The record demonstrates that Eguia entered his plea knowingly, voluntarily, and intelligently, and therefore was not a violation of due process. Thus, he is not entitled to § 2255 relief.[21]

## RECOMMENDATION

For the reasons stated above, it is recommended that Petitioner's 28 U.S.C. § 2255 Application be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being

---

[18] See Boykin v. Alabama, 395 U.S. 238, 244 (1969).

[19] See Trujillo v. United States, 377 F.2d 266, 266 (5th Cir. 1967), *cert. denied*, 389 U.S. 899 (1967).

[20] Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000), cert. denied, 532 U.S. 1027 (2001).

[21] United States v. Drummond, 910 F.2d 284, 285-286 (5th Cir. 1990) (although no 'direct evidence on point, record contained 'conclusive' evidence that plea was voluntary obviating need for hearing); See Diggs v. United States, 447 F.2d 460 (5th Cir. 1971).

served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[22]

DONE at Brownsville, Texas, this 6th day of June, 2002.

Felix Recio
United States Magistrate Judge

---

[22] Douglass v. United States Automobile Association, 79 F.3d 1415 (5th Cir. 1996).